IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARGONAUT INSURANCE COMPANY § | | |
| § | | |
| v.   § | | CASE NO. 15-34287 |
| § | | |
| PLATINUM PARTNERS VALUE § | | CHAPTER 11 |
| ARBITRAGE FUND, LP and § | | |
| TKN PETROLEUM OFFSHORE, LLC § | | ADVERSARY NO. _____ |
| § | | |

**ORIGINAL COMPLAINT BY ARGONAUT INSURANCE COMPANY**

**NOW INTO COURT**, through undersigned counsel, comes Argonaut Insurance Company ("Argonaut" or the "plaintiff"), which files this Original Complaint ("Complaint") against Platinum Partners Value Arbitrage Fund, LP ("Platinum") and TKN Petroleum Offshore, LLC ("TKN") (collectively known herein as the "defendants"). Argonaut avers as follows:

**JURISDICTION**

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 as this matter is "related to" the underlying bankruptcy proceeding. Specifically, the outcome of this proceeding may affect the estate of the debtor, Black Elk Energy Offshore Operations, LLC ("Black Elk"), because it directly relates to unfulfilled plugging and abandonment obligations of Black Elk. Moreover, this matter relates to surety bonds supported by collateral in which the estate may have an interest.

**PROCEDURE FOR ADVERSARY PROCEEDING**

2.

Procedurally, this matter is governed by Rules 7001, *et seq.*, of the Federal Rules of Bankruptcy Procedure, which generally incorporate the Federal Rules of Civil Procedure, to the

extent applicable.

## PARTIES

3.

Argonaut is an Illinois corporation with its principal place of business in Texas. Platinum is a Cayman Islands limited partnership whose principle place of business is New York. TKN is a Delaware limited liability company. All parties have made appearances in the underlying bankruptcy case and, as such, have subjected themselves to this Court's jurisdiction.

## FACTUAL BACKGROUND

4.

At various times between 2009 and today, Argonaut issued multiple performance bonds to Black Elk and/or TKN to secure the performance of plugging and abandonment obligations owed by Black Elk and/or TKN pursuant to federal regulations promulgated under the Outer Continental Shelf Lands Act (the "Bonds").

5.

The Bonds are subject to a General Indemnity Agreement dated May 11, 2015, which identifies both Platinum and TKN as "Indemnitors" in favor of Argonaut. A true and correct copy of this May 11, 2015 General Indemnity Agreement (the "Indemnity Agreement") is attached hereto as "Exhibit A" and is fully incorporated herein by reference for all purposes.

6.

Under the Indemnity Agreement, the defendants agreed that they would "procure the full and complete release of the Bonds" upon 30-day written demand if Argonaut were to determine, in its sole discretion, that the financial condition of TKN or Black Elk "has been or is believed to be deteriorating" or if "there has been or is believed to be some other change that adversely impacts

[Argonaut's] risk under the Bond(s)." The defendants further agreed that, if the Bonds were not released, they would provide Argonaut "with collateral in the amount of 100% of all the unreleased liability under the Bonds."

7.

As Indemnitors under the Indemnity Agreement, both Platinum and TKN also agreed to indemnify, hold harmless and exonerate Argonaut, as surety, from and against any and all "Losses" (as defined in the Indemnity Agreement) and other reasonable expenses incurred by Argonaut "as the result of or in connection with the furnishing, execution, renewal, continuation, or substitution of any Bond." Per the express terms of the Indemnity Agreement, the scope of the defendants' indemnity obligations to Argonaut specifically includes indemnity for the following categories of costs and expenses (among others):

(1) all costs and expenses incurred in connection with investigating, paying or litigating any claim under the Bonds, including but not limited to legal fees and expenses, technical and expert witness fees and expenses;

(2) all costs and expenses incurred in connection with enforcing the obligations of the Indemnitors under this Agreement, including, but not limited to interest, legal fees and expenses;

(3) the cost incurred by reason of making an independent investigation in connection with any Bond(s) or this Agreement;

(4) the cost of procuring or attempting to procure the Surety's release from liability or a settlement under any Bond(s) upon or in anticipation of Losses, including the defense of any action brought in connection therewith; and

(5) the cost incurred in bringing suit to enforce this Agreement against any of the Indemnitors.

8.

On August 11, 2015, Black Elk was placed in an involuntary Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, in the above

3

captioned matter. While the matter has since been converted to a Chapter 11 bankruptcy proceeding, Black Elk's financial footing remains precarious and continues to deteriorate.

9.

Upon Black Elk being placed in bankruptcy, Argonaut determined that Black Elk's precarious financial condition triggered a basis for release of the Bonds. Therefore, in accordance with the Indemnity Agreement, Argonaut sent demand letters to the defendants dated September 2, 2015 (the "Demand Letters"), whereby Argonaut asserted its rights under the Indemnity Agreement and demanded release of the Bonds within thirty (30) days of receipt of the Demand Letters. The Demand Letters further advised that, if the defendants failed to procure the full and complete release of the Bonds, they would be obligated to provide to Argonaut collateral in the amount of 100% of the unreleased liability on the Bonds, which at the time totaled $39,092,854.16.

10.

Neither Platinum nor TKN responded to the Demand Letters, and each failed to secure the release of the Bonds as required by the Indemnity Agreement. To date, the defendants have also failed to provide the required collateral associated with the unreleased liability on the Bonds, in direct contravention of the clear and unambiguous language of the Indemnity Agreement.

11.

As a result of the defendants' failure to perform their contractual obligations, Argonaut's risk under the Bonds has been and remains adversely affected.

## CAUSE(S) OF ACTION

### Breach of Contact/Specific Performance

12.

Paragraphs 1 – 11 are incorporated by reference as if fully set forth herein.

13.

The defendants breached their contractual obligations to Argonaut as clearly and unambiguously set forth in the Indemnity Agreement by failing to respond to Argonaut's demands for release of the Bonds and by failing to provide the required collateral.  Pursuant to the provisions of the Indemnity Agreement, both Platinum and TKN were obligated to procure release of the Bonds within thirty (30) days of receipt of such demand from Argonaut.  Both failed to do so and are therefore obligated to provide Argonaut with at least 100% of collateral for unreleased liability under the Bonds.

14.

As surety and a party to the Indemnity Agreement, Argonaut is entitled to its bargained-for right to specific performance of 100% collateralization of the Bonds, which both Platinum and TKN have, to date, failed to provide.

### Costs and Attorneys' Fees

15.

Paragraphs 1 – 14 are incorporated by reference as if fully set forth herein.

16.

Argonaut has had to retain legal counsel to protect its interests in its collateral security and has utilized counsel to, among other things, attempt to procure releases from the Bonds, demand additional collateral upon the defendants' failure to procure such releases, represent Argonaut in

the above-captioned bankruptcy proceeding, and prosecute this adversary proceeding.

17.

By the clear and express terms of the Indemnity Agreement, the defendants are obligated to indemnify, hold harmless, and exonerate Argonaut from and against any and all Losses, including, but not limited to, all costs and expenses incurred in connection with enforcing the obligations of the Indemnitors under the Indemnity Agreement and bringing suit to enforce the Indemnity Agreement, including interest, legal fees and expenses.

18.

Argonaut is also entitled to all costs incurred by reason of making any independent investigation in connection with any of the Bonds or the Indemnity Agreement and the costs of procuring or attempting to procure Surety's release from liability.

19.

**RESERVATION OF RIGHTS**

Argonaut specifically reserves any and all other rights to which it is entitled for all purposes, including any additional claims which may be identified in the future.

20.

**PRAYER FOR RELIEF**

**WHEREFORE**, Argonaut prayers that, after due proceedings are had, this Honorable Court enters judgement as follows:

- A. Holding the defendants in breach of their contractual obligations to provide collateral security and further holding that Argonaut is entitled to specific performance against Platinum and TKN;

- B. Ordering the defendants to provide at least 100% collateral for all unreleased

liability associated with the Bonds;

C. Ordering the defendants to pay all attorneys' fees and expenses, plus interest, incurred by Argonaut in connection with its efforts to enforce its rights under the Indemnity Agreement; and

D. Granting Argonaut all other equitable and just relief to which it may be entitled.

Respectfully Submitted,

**LOOPER GOODWINE P.C.**

*/s/ Paul J. Goodwine*
Paul J. Goodwine (La. Bar No. 23757)
650 Poydras Street, Suite 2400
New Orleans, Louisiana 70130
Telephone: (504) 503-1500
Facsimile: (504) 503-1501
Email: pgoodwine@loopergoodwine.com

*Attorney for Argonaut Insurance Company*